Green, J.
delivered the opinion of the court.
The question now to be determined is, whether this evidence was admissible. The declaration charges that the defendants warranted the negro to be about thirty-five years old, and that they had broken their covenant in *284 ^at s^e was f°rty"®vc- They plead that they have kept and performed their covenant; that is, that the negro Betsy was of the age they warranted her to be. 'The issue between the parties is, as to the fact of Betty’s age. No evidence was admissible but such as tended to prove of what age she was; because that was the only fact about which the parties disputed; and which they had put in issue. The defendants did not plead that they did not warrant her age. That would have been the proper plea, if, as contended, the warranty did not extend to her age, because of Hogan’s knowledge. If, for that reason, it did not extend to her age, then as to that, there was no warranty; and it ought so to have been pleaded. But this is an express special warranty that the negro is about thirty-five. If she be forty-five or upwards, they are liable. It is not like the case where there is a general warranty of soundness. There, if there be a visible known defect, the covenant is to be understood as not "extending to that, because it is not to be presumed to-have been the intention of the parties, seeing they both knew of the defect. This principle grows out of a construction of the meaning of the covenant. But here no such construction can exist. The parties have said in the deed, that they do mean to warrant against this known defect. The defendants had a right so to undertake, and must abide the consequence of such undertaking. Let the judgment be reversed, and the cause be remanded for another trial.
Judgment reversed.